IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CHARLOTTE GORDON** and **SYNCERIA THOMPSON,** *Individually, and on behalf of themselves and other similarly situated current and former employees*,

    Plaintiffs,

      v.

**GLORIA'S HOME, LLC** and
**GLORIA PEGUES**, Individually

    Defendants.

No. _____

**FLSA Multi-Plaintiff Action**
**RULE 23 Class Action**
**JURY DEMANDED**

---

### ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

---

Named Plaintiffs, Charlotte Gordon and Synceria Thompson ("Plaintiffs"), individually, and on behalf of themselves and all other similarly situated hourly-paid caregivers bring this Fair Labor Standards Act ("FLSA") Multi-Plaintiff action against Gloria's Home, LLC and Gloria Pegues, individually ("Defendants") and state as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated caregivers.

2. This lawsuit is also brought against Defendants as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation, owed to Plaintiffs and

other similarly situated current and former hourly-paid caregivers who are members of a Rule 23 class as defined herein, and who are currently or previously employed by Defendants.

3. Defendants violated the FLSA by failing to pay Plaintiffs and those similarly situated for all hours worked at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material to this action.

## II.    PARTIES

4. Plaintiff Charlotte Gordon has been employed by Defendants as an hourly-paid caregiver at all times material to this action. Plaintiff Gordon's Consent to Join form is attached as *Exhibit A*.

5. Plaintiff, Synceria Thompson, has been employed by Defendants as an hourly-paid caregiver during all times material to this action. Plaintiff Thompson's Consent to Join form is attached as *Exhibit B*.

6. Defendant, Gloria's Home, LLC, is a Tennessee limited liability company with its principal office at 3035 Director's Row, Suite 104, Memphis, Tennessee 38131-0420. Defendant's registered agent for service of process is Gloria's Home, Inc., 9295 Boltwood Lane, Suite 101, Collierville, Tennessee 38017.

7. Defendant Gloria Pegues owns Gloria's Home, LLC, and has been responsible for implementing and administering the company's pay policies and practices at all times material to this action.

8. As such, Defendant Pegues is jointly and individually liable to Plaintiffs and those similarly situated for all FLSA violations addressed herein.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action because the lawsuit arises under 29 U.S.C. § 201 *et seq.*

10. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to those within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiffs were employed by and worked for Defendants within this district and Defendants have conducted business within this district during all times material to this action.

### IV. COVERAGE

12. Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d) during all times material.

13. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), during all times material herein.

14. Defendants engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross revenue of not less than $500,000 during all times material to this action.

15. Defendants have been the "employer" of Plaintiffs and those similarly situated, as that term is defined by §203(d) of the FLSA.

16. Plaintiffs and similarly situated have been "employees" of Defendants as that term is defined in the FLSA, and such employees have engaged in commerce or in the production of goods for commerce on behalf of Defendants, as defined by 29 U.S.C. §§ 206–207, during all times material to this action.

## V. FACTUAL ALLEGATIONS

17. Defendant Gloris's Home, LLC, provides home care services in Shelby County, Tennessee, and the surrounding area.

18. Plaintiffs and those similarly situated were employed by Defendants as hourly-paid caregivers during all times material to this action.

19. Defendant Gloria Pegues has been responsible for implementing and administering the pay and timekeeping policies and practices of Gloria's Home, LLC during all times material to this action.

20. As such, Defendant Pegues is jointly and individually liable to Plaintiff and those similarly situated for all FLSA violations addressed herein.

21. At all times pertinent to this action, Defendants have had a timekeeping system to record the hours worked by Plaintiffs and those similarly situated.

22. Plaintiffs and those similarly situated worked for Defendants 80 or more hours per week within each bi-weekly pay period during all times relevant to this case.

23. Defendants failed to pay Plaintiffs and those similarly situated the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within bi-weekly pay periods during all times material herein.

24. Defendants either failed to record all of the compensable hours of Plaintiffs and those similarly situated into their timekeeping system or "edited out" some of their compensable

hours from their timekeeping system during all times material.

25. Plaintiffs have not been paid for any compensable hours (including overtime) for the past three bi-weekly pay periods as of the time of this filing.

26. Moreover, Defendants expected and suffered and permitted Plaintiffs and those similarly situated to perform "off the clock" work within weekly pay periods during all times relevant, without being paid the applicable FLSA overtime compensation rates of pay for such work time, including, but not limited to:

    (a) Performing a pre-shift "walk-through" and cleaning of their assigned home care residence before clocking in to their respective shifts, without being paid the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material.

    (b) Driving vehicles from one home care residence to another home care residence without being paid for such "off the clock" drive time at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material;

    (c) Attending mandatory meetings without being paid for such "off the clock" meeting time at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material; and

    (d) Staying-over past the ending of their respective shifts when their relief caregivers reported late to work, without being paid for such "off the clock" stay-over time at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material.

27. Plaintiffs and those similarly situated did perform such "off the clock" work hours without

being paid at least the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods at all pertinent times.

28. Defendants have been aware of the aforementioned unpaid overtime and "off the clock" hours that Plaintiffs and those similarly situated have performed without being paid for such compensable time at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material.

29. The unpaid overtime wage claims of Plaintiffs and those similarly situated are unified through a common theory of Defendants' FLSA violations.

30. Defendants failed to keep accurate pay and time records of Plaintiffs and those similarly situated during all times material.

31. Defendants' common policy and practice of not compensating Plaintiffs and those similarly situated for all their compensable overtime hours at the applicable FLSA minimum wage and overtime compensation rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

32. Defendants' failure to compensate Plaintiffs and those similarly situated for their unpaid overtime hours was willful, with reckless disregard for the FLSA overtime compensation requirements and without a good faith basis.

33. Due to Defendants' lack of a good faith basis and willful failure to pay Plaintiffs and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost compensation and other damages.

34. The net effect of Defendants' common policy and practice of failing to pay Plaintiff and those similarly situated all their compensable hours within bi-weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times

material to this action was to unjustly enrich themselves.

35. As a result, Defendants have enjoyed ill-gained profits at the expense of Plaintiffs and those similarly situated.

36. Moreover, Defendants offered and promised Plaintiffs and those similarly situated that they would be paid a specific hourly rate of pay for all work hours performed for them.

37. Plaintiffs and those similarly situated accepted Defendants' offer and promise by performing work hours for them without being paid for such promised hourly pay.

38. Defendants also promised Plaintiffs and those similarly situated that they would receive shift differential pay for working certain shifts.

39. Plaintiffs and those similarly situated accepted Defendants' offer and promise of shift differential pay by performing work hours during specific shifts without being paid.

40. Defendants did not compensate Plaintiff and those similarly situated for all hours worked and shift differential pay consistent with their respective unilateral wage contracts.

41. Defendants have been aware that they have breached their unilateral wage contracts with Plaintiffs and those similarly situated for the payment of all such unpaid work hours and shift differential pay, and thereby unjustly enriched themselves at their expense

42. Plaintiffs and others similarly situated are entitled to a recovery of all their unpaid minimum wage and overtime compensation as well as all the contractual compensation owed them, plus liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendant that is available to them under the FLSA and Tennessee statutory and common law.

### VI. FLSA MULT-PLAINTIFF ACTION ALLEGATIONS

43. Plaintiffs bring this lawsuit as a multi-plaintiff action on behalf of themselves and those

similarly situated under 29 U.S.C. § 216(b) to recover from Defendants unpaid minimum wages and overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

44. More specifically, Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former hourly-paid caregivers of Defendants who performed work for Defendants but who were not paid minimum wages and overtime compensation for hours worked over 40 per week at one and one-half times their regular hourly rates of pay within bi-weekly pay periods anywhere in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

45. Plaintiffs and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiffs and potential plaintiffs for all hours worked over forty (40) per week within weekly pay periods at the applicable FLSA minimum wage rates of pay, as required by the FLSA, and as previously described.

46. This action also is properly maintained as a multi-plaintiff action because Plaintiffs and potential plaintiffs have been similarly deprived of minimum wages and overtime compensation due to Defendants' unlawfully common pay policies and practices.

47. In addition, Plaintiffs and potential plaintiffs are similarly situated because their unpaid wage claims are unified through a common theory of Defendants' FLSA violations.

48. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and potential plaintiffs. The prosecution of

|     |     |
| --- | --- |
|     | separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts, and/or substantially impair the ability of Plaintiffs and potential plaintiffs to protect their interests. |
| 49. | Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as their interests align with those of potential plaintiffs, i.e., to pursue their unpaid overtime compensation claims. |
| 50. | Counsel for Plaintiffs will adequately protect their interests and the interests of all potential plaintiffs. |
| 51. | Defendants knew Plaintiffs and those similarly situated performed compensable work within bi-weekly pay periods during all times material without being compensated for such work at the applicable FLSA minimum wage and overtime compensation rates of pay. |
| 52. | Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct has caused significant damages to Plaintiffs and potential plaintiffs. |
| 53. | Defendants do not have a good faith basis for failing to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the applicable FLSA minimum wage and overtime rates of pay within bi-weekly pay periods during all times material to this action. |
| 54. | Thus, Defendants are liable to Plaintiffs and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid compensable work time. |
| 55. | Plaintiffs request this Court to facilitate notices to potential plaintiffs and to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking a recovery of unpaid minimum wages and overtime |

compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

56. Plaintiffs do not know the precise number of potential plaintiffs as of this time, but this can be easily ascertained in part by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

57. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging, and by posting notice at all of the Defendants' home care residences and facilities.

## VII.    RULE 23 CLASS ACTION ALLEGATIONS

58. Defendants employed Plaintiffs and members of the Rule 23 class during all relevant periods of time herein.

59. Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of themselves and the following similarly situated individuals:

> All hourly-paid caregivers who were employed by and worked for Defendant in the State of Tennessee during the six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed to them by the Defendant. (the "Rule 23 class").

60. Defendants promised Plaintiff and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed and shift differential pay for certain shifts within bi-weekly pay periods during all times material.

61. Plaintiff and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work and shifts as directed by Defendants.

62. However, Defendants failed to pay Plaintiffs and other Rule 23 class members the promised wages for all the work performed (including during certain shifts) within bi-weekly pay periods during all times material.

63. Plaintiffs bring this case as a Fed. R. Civ. P. 23 class action on behalf of themselves, individually, and on behalf of other potential class members to recover the above-referenced unpaid contractual wages owed to them.

64. The precise number of Rule 23 class members is not known as of this time, but is believed to be more than 30. The exact number can easily be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

65. Pursuant to the allegations above, Plaintiffs' claims are typical of Rule 23 class claims. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a) Whether a unilateral contract existed between Defendants and Plaintiffs and the putative Rule 23 class for the payment of wages, including shift differential wages;

    (b) Whether Plaintiffs and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendants under the Tennessee statutory and common law of contracts, quantum meruit, and/or unjust enrichment;

    (c) Whether Defendants paid Plaintiffs and other members of the Rule 23 class all the wages owed them within bi-weekly pay periods during the relevant statutory time period herein.

    (d) Whether Defendants unlawfully breached their unilateral wage agreements with Plaintiff and members of the Rule 23 class; and

    (e) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class.

66. The claims of Plaintiffs and those similarly situated arose from the same Defendants'

actions or inactions herein, and the claims are based on the same legal theories.

67. The individuals in the Rule 23 class, as identified above, are so numerous that joinder of all members is impracticable

68. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

69. Plaintiffs are adequate class representatives.

70. Plaintiffs were hourly-paid caregivers of Defendants who, like other members of the Rule 23 class, were not paid promised wages for all their hours worked within bi-weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiffs have an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

71. Plaintiffs' unpaid wage claims are typical of those claims that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief sought by each member of the putative Rule 23 class in separate actions.

72. All the Rule 23 class members are/were subject to the same common plans, policies, and practices of Defendants in their failure to pay all contractually agreed-upon wages

73. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

74. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of efforts and expense that numerous individual actions would otherwise produce.

75. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs.

76. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

77. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' unlawful practice

78. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims

79. Current employees often fear asserting their rights out of fear of direct or indirect retaliation. Former employees may fear bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity, allowing for the vindication of their rights while eliminating or reducing those risks.)

80. Plaintiffs know of no conflict of interest with the Rule 23 class of caregivers who worked for Defendants.

81. Plaintiffs have hired the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue their claims and the claims of the Rule 23 class for unpaid contractual wages. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour

claims under the FLSA and state contractual laws.)

82. The firm has represented numerous other employees asserting unpaid contractual wage claims.

83. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to seek address for the wrongs done to them individually.

84. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage plans, policies, and practices implemented by Defendants unless resolved by this action.

## COUNT I

**(Violation of the Fair Labor Standards Act)**

85. Plaintiff incorporates by reference all preceding paragraphs as fully as if rewritten herein.

86. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), at all relevant times, as previously described.

87. Defendants failed to pay Plaintiffs and those similarly situated for all their compensable hours at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material herein, as previously addressed.

88. Defendants' common policy and practice of failing to pay Plaintiff and potential plaintiffs for all their compensable hours within bi-weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay violated the overtime provisions

of the FLSA, as previously described.

89. Through its actions, policies, and practices, Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all their compensable hours within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay.

90. Defendants' actions were willful with reckless disregard to clearly established FLSA overtime provisions.

91. Defendants do not have a good faith basis for their conduct.

92. The unpaid overtime claims of Plaintiffs and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

93. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

94. Therefore, Defendants are liable to Plaintiffs and potential plaintiffs for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## COUNT II

## RULE 23 CLASS ACTION VIOLATIONS

95. Plaintiffs incorporate by reference the preceding paragraphs as fully rewritten herein

96. Plaintiffs assert Rule 23 class breach of contract claims because Defendants entered into valid and enforceable unilateral wage contracts with them and Rule 23 class members pursuant to Tennessee law.

97. Defendants offered to compensate Plaintiff and other members of the Rule 23 class at specified hourly wage rates and shift differential pay within bi-weekly pay periods for all work time performed on their behalf.

98. Plaintiffs and other members of this Rule 23 class accepted Defendants' offer to pay them a specified hourly wage and certain shift differential pay for all work performed within bi-weekly pay periods by performing such work during all times material.

99. However, Defendants breached their obligations under the said contracts by failing to pay Plaintiff and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

100. In the alternative to the breach of contract class claims, Plaintiffs assert a quantum meruit/unjust enrichment claim that they and each member of the proposed Rule 23 class provided valuable services to Defendants, that Defendants accepted their services, and Defendants had reasonable notice that class members expected to be compensated for their work time.

101. The reasonable value of the services provided and not paid for by Defendants is consistent with the hourly rate of pay and shift differential pay promised Plaintiffs and members of the Rule 23 class because Defendants benefited to such a degree or more from their work.

102. Plaintiffs and members of the Rule 23 class complained to Defendants because of their failure to pay them for all their work and service time, but to no avail.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, and on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in an amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For an Order finding that Defendants' violations of the FLSA were willful.

D. An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to Plaintiffs and potential plaintiffs.

E. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F. An award of damages to Plaintiffs and Rule 23 class members for Defendants' breach of contract claims;

G. An award of damages to Plaintiffs and Rule 23 class members for Defendants' unjust enrichment claims;

H. An award of damages to Plaintiffs and Rule 23 class members against Defendants related to their quantum meruit claims.

I. An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and class members; and

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: June 23, 2025                        Respectfully Submitted,

                                               *s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #041423)
Cooper Mays (TN BPR #042347)
**JACKSON, SHIELDS, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*
*cmays@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***